UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MATTHEW DOUGLAS and CHARLES VASSALLO,

                 Plaintiffs,

     -against-

CONSTRUCTAMAX, INC., PHOTIOS
COUGENTAKIS, ISRAEL PEREZ, et al.

                 Defendants.
------------------------------------------------------------------ x

ORDER
10-CV-5323 (ENV)

GOLD, STEVEN M., U.S.M.J.:

Plaintiffs, on behalf of themselves and others similarly situated, bring this action, *inter alia*, to recover unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The court has reviewed plaintiffs' motion for certification of a collection action pursuant to 29 U.S.C. § 216(b) and for approval of the notice to be sent to potential opt-in plaintiffs. Docket Entries 10-14. Defendants do not oppose the motion. The court, however, has several concerns with the proposed notice, as discussed below. Accordingly, the parties shall be prepared to address these issues at the conference previously scheduled for 4:00 p.m. on May 18, 2011.

First, plaintiffs define the class as composed of those "who worked as plumbers *or in other similar non-managerial, non-administrative positions*." It is not clear to me, and may not be clear to those who receive the notice, which other employees are being referred to and might properly be included in the collective action under this definition. For example, individuals might properly be included if they performed similar work as the plumbers but simply had a different title, such as "water meter installer." If, however, defendants employ other laborers with significantly different job tasks, it would seem that they should not be included in the class.

Second, plaintiffs seek to include in the collective action individuals employed by defendants since November 18, 2004. Although the statute of limitations for a FLSA action is generally two years, or three years for willful violations, *see* 29 U.S.C. § 255(a), plaintiffs seek to extend the period to six years, from the date the complaint was filed, based on defendants' alleged failure to post a FLSA notice, as regulations require. *See* 29 C.F.R. § 516.4; *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 387 (E.D.N.Y. 2010) (recognizing that a court may equitably toll the limitations period until an employee actually receives notice of his FLSA rights where an employer fails to post such notice). *But see Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 269-70 (E.D.N.Y. 2008) (noting a split among courts about whether the failure to post a notice is sufficient to warrant equitable tolling, an issue that has not yet been addressed by the Second Circuit). Although defendants have presented no opposition, I am not prepared, absent a motion – particularly at this early stage of the litigation – to equitably toll the limitations period and certify a collective action with the extended period. *See Lujan v. Cabana Mgmt., Inc.*, 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011) (noting that courts within the Eastern District of New York "are split" as to whether potential plaintiffs whose claims may be barred unless equitably tolled by the court should receive notice at the certification stage of litigation); *Summa*, 715 F. Supp. 2d at 388 (rejecting plaintiffs' proposed six-year period and imposing a three-year period for notice, but noting that the time period may be subject to future modification "should further discovery prove that FLSA notices were not posted"). If plaintiffs wish to pursue their tolling argument, they may bring an appropriate motion, either now or after discovery, demonstrating that equitable tolling is warranted. Accordingly, unless plaintiffs seek to defer sending out notices until after the tolling question has been litigated, the notice should be directed to

employees who worked for defendants from March 14, 2008 (three years from the date plaintiffs filed their certification motion) to present.

Next, plaintiffs' proposed 216(b) notice says nothing about the putative class action for New York Labor Law violations, which are also part of plaintiffs' claims in this lawsuit. Although no class is being certified at this point, it seems reasonable to at least alert potential opt-in plaintiffs to the fact that this lawsuit has additional claims.

The notice also does not identify any claim for unpaid non-overtime wages. Plaintiffs' complaint, however, includes such a claim. Am. Compl. ¶¶ 1, 63, 71. Thus, plaintiffs shall be prepared to state whether they are abandoning any claims for unpaid non-overtime wages for the putative opt-in plaintiffs and, if not, why the notice should not be revised to reflect the existence of those claims.

Finally, the notice and consent form indicate that by joining the lawsuit, an opt-in member consents to have the named plaintiffs act as his agent and representative. Once an individual consents to opt-in, however, the named plaintiffs no longer act on his behalf; rather, the individual himself becomes a named plaintiff to the action, and is subject to party discovery. *See* 29 U.S.C. § 216(b) ("No employee shall be a *party plaintiff* to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.") (emphasis added); *Whalen v. U.S.*, 85 Fed. Cl. 380, 384 n.2 (Fed. Cl. 2009) (suggesting that "the better practice is to amend a complaint to name all similarly situated employees who file consents to join an action brought under the FLSA"); *Sexton v. Franklin First Fin., Ltd.*, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009) (requiring a 216(b) notice to include "language stating that opt-in plaintiffs may be called upon to testify, appear for depositions, and respond to discovery requests").

Attached to this Order is a 216(b) notice I recently approved that addresses some of the issues described above.  Plaintiffs may submit a proposed notice that addresses the concerns set forth above no later than May 16, 2011.  Plaintiffs' motion to cancel the conference on May 18th is denied.  The conference will proceed for the purpose of addressing the questions raised above with respect to the notice.

**SO ORDERED.**

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
May 5, 2011

*U:\eoc 2011\douglas order.docx*