UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MATTHEW DOUGLAS, et al.,

       Plaintiffs,       <u>Memorandum & Order</u>
                     10-CV-5323 (SMG)
 -against-

CONSTRUCTAMAX INC., et al.,

       Defendants.
-------------------------------------------------------x
*Gold, S., United States Magistrate Judge*:

  On December 10, 2012, a day prior to the originally scheduled fairness hearing in this class and collective action, defendants (collectively, "Constructamax") filed a notice that they would be voiding the settlement agreement. *See* Docket Entry 80. Constructamax sought to invoke the following provision of the Settlement Agreement:

> Defendants may, at their sole discretion, unilaterally declare this settlement null and void and shall not be obligated to comply with any of the terms of this Stipulation of Settlement in the event that claims submitted by Class Action Members exceeds $170,000. Defendants shall exercise their termination rights under this clause, if at all, not later than five (5) days before the Fairness Hearing and shall do so by filing such a notice of termination with the Court with service on Class Counsel. . . .

Settlement Agreement ¶ 9(B)(vii), Docket Entry 79-7.[1]

  Plaintiffs protested defendants' filing as untimely, Docket Entry 81, and, after finding that the settlement was otherwise acceptable, I set a schedule for briefing and argument of the issue, Docket Entry 83. Defendants have filed a memorandum in support of vacating the settlement ("Defs. Mem." Docket Entry 84), plaintiffs have submitted opposition ("Pls. Mem.," Docket Entry 84), and defendants have replied ("Defs. Reply," Docket Entry 87). Oral argument

---

[1] The deadline for filing the termination notice was thus December 6, 2012.

was held on February 5, 2013. For the reasons stated in this Memorandum and Order, defendants' motion is granted and the settlement is terminated.

The parties agree that the question of whether the settlement may be vacated, notwithstanding the untimeliness of the notice, is appropriately analyzed under Federal Rule of Civil Procedure 6(b)(1)(B). Pursuant to this rule, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court, analyzing the phrase "excusable neglect" in the context of the Bankruptcy Act, held that "'excusable neglect' may extend to inadvertent delays," and that four factors should be considered when determining whether a party's (or his attorney's) inadvertent delay was excusable: the "danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick*, 507 U.S. 380, 392 (1993) (permitting a filing that was twenty days late due to law office failure). The Court concluded that this "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. *But cf. Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003) ("We have noted that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule and held that where the rule is entirely clear, we . . . expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test" (internal citation and quotation marks omitted)).

These factors have since been applied by courts evaluating what constitutes excusable neglect in class action cases. *See, e.g.*, *Black v. Diamond*, 163 Fed. Appx. 58, 60 (2d Cir. 2006).[2] The Second Circuit has also focused the analysis in the class action settlement context by observing that "[e]xcusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. . . . To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance." *In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 Fed. Appx. 41, 44 (2d Cir. 2008) (quoting *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998)) (ellipses in original).

The first two factors, the danger of prejudice to the nonmovant and the potential impact of the delay on judicial proceedings, weigh in favor of allowing defendants' notice voiding the settlement to stand. While the notice was indisputably late, the delay was a mere four days long and notice was provided prior to final approval of the settlement. Further, the Court proceedings have not been significantly more delayed than they would have been had defendants timely filed the notice several days before. In this respect, this case is somewhat similar to one defendants cite, *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 261 (W.D.N.Y. 2012) (permitting a class certification motion filed after a deadline imposed by Local Rule because there was "no substantial effect on [the] proceedings, and . . . no indication that Defendants suffered undue prejudice" as a result of the delay). *Cf. Rittmaster v. PaineWebber Grp.*, 147

---

[2] While there do not appear to be cases involving a tardily filed notice of settlement termination, courts in the Second Circuit have decided many disputes regarding late opt-outs from class settlements. It is not clear whether the excusable neglect standard is being applied in these cases pursuant to Federal Rule of Civil Procedure 6 or 60 (relief from a judgment); however, the application of the *Pioneer* factors appears to be identical irrespective of which rule is at issue.
      Plaintiffs argue, convincingly, that citation of cases regarding opting-into a class are not apposite because opting-in, and nonjoinder more generally, is governed by Federal Rule of Civil Procedure 21, which is extremely permissive. *See* Pls. Mem. at 7; *see also Commisso v. PricewaterhouseCoopers LLP*, 2012 WL 3070217, at *2 n.6 (S.D.N.Y. July 27, 2012); *Mascol v. E&L Transp., Inc.*, 2005 WL 1541045, at *8 (E.D.N.Y. June 29, 2005) (applying Rule 21 when considering whether a late opt-in was permissible). Rule 21 states, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

F.3d 132, 135-36 (2d Cir. 1998) (denying a plaintiff's motion to opt-out where he filed his motion approximately a year after the deadline); *In re Visa Check/ Mastermoney Litig.*, 2009 WL 7230400, at *1 (E.D.N.Y. Nov. 19, 2009) (denying late claims to a settlement fund where the claimants had learned of the settlement three years before). While it is logically correct, as plaintiffs argue, that class members could have depended upon receipt of the money after the termination deadline passed, *see* Pls. Mem. at 4, they could have reasonably done so only for a few days, and, as defendants point out, whether any actually did so is a matter of speculation, *see generally* Defs. Reply.

The second two factors also weigh in favor of permitting the termination to go forward. Courts have previously found that the third *Pioneer* factor, the reason for the missed deadline, should bear heavily on the analysis of whether the delay was excusable or not. *See In re Bulk Oil (USA) Inc.*, 2007 WL 1121739, at *6 (S.D.N.Y. Apr. 11, 2007) (collecting cases); *accord In re Worldcom, Inc. Sec. Litig.*, 2005 WL 2560405, at *5 (S.D.N.Y. Oct. 11, 2005) (citing *Silivanch*, 333 F.3d at 366-67). In the instant case, defendants' counsel, Mr. Hollander, avers that he informed plaintiffs' counsel, Mr. Rand, about defendants' desire to void the settlement approximately five days before the notice deadline. Defs. Mem. at 2. In his briefing, Mr. Hollander also describes efforts he made to salvage the settlement by requesting that his adversary send a letter to defendants describing the importance of settling the case, a letter which was sent on December 5. *Id.* at 2-3. Plaintiffs do not dispute this version of events, though they do note, correctly, that "[d]efendants had sufficient time to file their Notice of Termintaion if they believed a settlement would not be possible." Pls. Mem. at 2. While Mr. Hollander's actions are hardly exemplary, I conclude that they are excusable in light of these circumstances.

There is also no evidence, given the short delay, that the notice was submitted late in bad faith, or in order to gain a tactical advantage in the case. Accordingly, defendants' motion is granted.

SO ORDERED.

Dated:	Brooklyn, New York
	February 5, 2013

					_____/s/_____
					STEVEN M. GOLD
					United States Magistrate Judge

*U:\rmk 2011-12\Douglas v Constructamax\Douglas v Constructamax Settlement Termination M&O.docx*